# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| LAUREEN OLSON | Civil Action No. 6:19-0645 |
| versus | Judge Michael J Juneau |
| KENNETH SCHNAUDER, ET AL. | Magistrate Judge Carol B Whitehurst |

## REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, is the Motion to Dismiss [Doc. 11] filed by the defendants. The motion is premised on numerous grounds, including lack of subject matter jurisdiction, improper venue, failure to state a claim upon which relief can be granted, and failure to join parties pursuant to Rule 12(b)(7). The motion is opposed by the plaintiff [Doc. 16], and defendants filed a reply brief [Doc. 19]. For the following reasons, it is RECOMMENDED that the Motion to Dismiss be GRANTED on grounds the plaintiff fails to state a claim for which relief can be granted.

## BACKGROUND

The factual and procedural background of this matter is important and, indeed, dispositive of the primary issue before the Court. The plaintiff has filed several lawsuits in several forums alleging identical or similar claims as those alleged in this matter, as set forth below:

1

- On February 14, 2011, the plaintiff filed a *Petition for Damages* in the Fifteenth Judicial District Court, Docket Number 2011-0898-K, against Dr. Paul M. Toce, Jr. and Dr. Paul M. Toce, Jr., A Professional Medical Corporation, and "ABC Insurance Company," Dr. Toce's then-unknown insurer, later learned to be the Louisiana Medical Mutual Insurance Company ("LAMMICO"). The Petition for Damages alleged breaches of the standard of care under the Louisiana Medical Malpractice Act, La. R.S. 40:1231.1, *et seq.* (hereinafter the "MMA"), and intentional acts that may be "actionable in general tort law and are outside the provisions" of the MMA. Plaintiff alleged that the conduct constituting medical malpractice occurred from March 2010 through approximately June 2010.

- On the same date, February 14, 2011, the plaintiff filed a Petition for Damages and Medical Malpractice and Request for Medical Review Pursuant to La. Rev. Stat. 40:1299.41, *et seq.* with the Louisiana Commissioner of Administration, asserting virtually identical claims. Again, she claimed that the acts alleged to constitute medical malpractice occurred "[f]rom March, 2010 through approximately June, 2010." The request for a medical review panel was received by the Division of Administration on February 16, 2011, forwarded to the Louisiana Patient's Compensation Fund (hereinafter the "PCF"), and assigned PCF File No. 2011-00239. Plaintiff's counsel was advised by the PCF that Dr. Toce was a qualified healthcare provider for the alleged acts of medical malpractice stated in plaintiff's complaint.

- On December 12, 2012, the Medical Review Panel issued an Opinion that Dr. Toce and his Professional Medical Corporation "failed to meet the applicable standard of care as charged in the complaint."

- On June 4, 2013, the plaintiff filed a *Petition for Damages Resulting from Medical Malpractice and Other Acts of Negligence not Covered by the Louisiana Medical Malpractice Act, and from Intentional Acts or Other Acts* against the Louisiana Medical Mutual Insurance Company ("LAMMICO"), Paul M. Toce, Jr., M.C., and Dr. Paul M. Toce, Jr., a Professional Medical Corporation, in the Fifteenth Judicial District Court, Docket Number 2013-1850-C. The allegations of this lawsuit were substantially identical to the allegations of the prior lawsuit, but added allegations regarding the findings of the Medical Review Panel in plaintiff's favor and Dr. Toce's insurance coverage with LAMMICO. Dr. Toce and his Professional Medical Corporation responded to the second lawsuit with Exceptions of *Lis Pendens*, Prematurity, and Vagueness and Ambiguity.

- The two 15th JDC cases were ultimately consolidated, and the plaintiff settled her claims with defendants in that litigation for the sum of $140,000.00. Plaintiff filed a *Petition for Approval of Settlement of Medical Malpractice Claim Pursuant to La. R.S. 40:1231.4 (formerly La. R.S. 40:1299.44)* on September 9, 2016. The PCF filed Exceptions of No Cause of Action, and Vagueness and Ambiguity, and Objections to the Petition for Approval of Settlement on October 16, 2016, on the basis that there was no allocation of the settlement between those acts that constitute medical malpractice and those acts that fall outside of the MMA; accordingly, there could be no statutory admission of liability under the MMA. The trial court sustained the PCF's objections, which was reversed by the Third Circuit Court of Appeals on June 7, 2017, by a decision approving the settlement. *Olson v. Toce*, 17-37 (La. App. 3 Cir. 06/07/17), 222 So.3d 775.

- Meanwhile, on November 14, 2016, the plaintiff filed an *Original Petition for Damages* in the Nineteenth Judicial District Court, alleging a claim for damages due to the PCF's failure to settle her claim for excess damages resulting from the medical malpractice portion of her claim. She originally filed claims against the PCF Oversight Board members in their individual capacities, to which the PCF filed an Exception of No Cause of Action, which was granted by the Court. Accordingly, the Board Members are only parties to that proceeding in their official capacities. On April 23, 2017, the plaintiff filed a *First Amended Petition for Damages and for Excess Damages in Medical Malpractice* in the 19th JDC suit, adding her claim for excess damages

3

from the PCF as a result of her medical malpractice claim to that lawsuit. The PCF filed an Exception of Prescription to the *First Amended Petition*, which was sustained by the trial court, which also opined that it lacked subject matter jurisdiction to hear her claims related to medical malpractice. Plaintiff's counsel has indicated that the Judgment sustaining the Exception of Prescription will be appealed.

- On January 19, 2018, the plaintiff filed a *Motion to Dismiss with Reservation of Rights* in the consolidated cases pending in the 15th JDC, seeking the dismissal of that litigation against the health care providers and their insurer. An Order of Dismissal was signed on January 22, 2018, dismissing the causes against Dr. Toce, Toce APMC, and LAMMICO, with prejudice, retaining them as nominal defendants **to the extent required by law**. *Judgment of Dismissal,* January 22, 2018, Docket No. 2013-1850-C c/w Docket No. 2011-0898-K, Fifteenth Judicial District Court.

- On December 3, 2018, Judge Marilyn C. Castle conducted a hearing on the plaintiff's *Motion to Recuse* the presiding trial judge in the pending 15th JDC proceeding. When it became apparent that the *Motion to Recuse* was not well received by the Court, the plaintiff presented a *Motion to Dismiss without Prejudice* the consolidated cases. Judge Castle advised that she could not sign the dismissal as she was only appointed to hear the plaintiff's *Motion to Recuse*. The Judgment of Dismissal was ultimately signed by the court on January 17, 2019, dismissing the lawsuit "IN FULL without prejudice," and rendering "moot all pending motions and/or exceptions and/or motions that have been filed and have never been heard and/or never ruled upon in the above captioned consolidated cause." *Judgment of Dismissal,* January 17, 2019, Docket No. 2013-1850-C c/w Docket No. 2011-0898-K, Fifteenth Judicial District Court [emphasis in original]. Accordingly, there is no pending medical malpractice litigation in the 15th JDC filed by the plaintiff.

- After the consolidated 15th JDC cases were voluntarily dismissed, and the plaintiff's claim for excess medical malpractice damages in the 19th JDC case was dismissed on grounds of prescription, the plaintiff filed the instant lawsuit, and her attorney has advised that he has drafted and will soon be filing yet another lawsuit in the 15th JDC. These two (2)

4

>most recent lawsuits will be the fourth and fifth lawsuits filed by the plaintiff, all stemming from the same allegations of medical malpractice.

In the pending motion to dismiss, the defendants argue the instant lawsuit should be dismissed on several grounds. Because the undersigned concludes that the plaintiff fails to state a claim for which relief can be granted, it is recommended that the instant matter be dismissed with prejudice.

## LAW AND ANALYSIS

**1. Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir.2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id*. It need not contain detailed factual allegations, but it

must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir.2007), the claim must be dismissed.

In the instant case, defendants argue this Court lacks subject matter jurisdiction over the case because the LMMA requires an exclusive and mandatory procedure for the prosecution of medical malpractice claims, which requires that in cases wherein an insurer and/or health care provider has/have agreed to settle its/their liability on a claim and the claimant is demanding an amount in excess therefrom from the PCF, then the claimant must file a petition *with the court in which the action is pending* against the health care provider, seeking approval of the settlement and demanding payment of damages form the PCF, as follows:

> C. If the insurer of a health care provider or a self-insured health care provider has agreed to settle its liability on a claim against its insured and claimant is demanding an amount in excess thereof from the patient's compensation fund for a complete and final release, then the following procedure must be followed:

6

> (1) A petition shall be filed by the claimant **with the court in which the action is pending against the health care provider, if none is pending in the parish where plaintiff or defendant is domiciled** seeking (a) approval of an agreed settlement, if any, and/or (b) demanding payment of damages from the patient's compensation fund.

La. Stat. Ann. §40:1231.4 (emphasis added).

The defendants frame the issue as one that is jurisdictional in nature, without providing any legal support for that argument, other than the express language of the statute itself. The defendants argue that the entire procedure set forth in the LMMA is mandatory and exclusive, and has not been followed by the plaintiff in this matter. The defendants assert that the only court that has subject matter jurisdiction over the plaintiff's claim for excess damages is the court in which she filed her original lawsuit against the health care providers. The plaintiff responds that the instant action for excess damages arose after the plaintiff's medical malpractice action was dismissed, and because it is between a Tennessee plaintiff and Louisiana defendants, diversity jurisdiction exists. For this reason, the plaintiff argues the suit is properly filed in this Court.

This Court was unable to find any jurisprudence holding that the procedural requirements of this particular section of the LMMA are *jurisdictional*. However, the undersigned was able to find support for the defendants' motion to dismiss this action on the basis that the plaintiff fails to state a claim. Indeed, the plaintiff's argument ignores the procedural requirements of the LMMA. The procedures of the

7

LMMA – which all parties agree applies to the claims and parties to this lawsuit – require that the plaintiff file this action in the court in which she filed her original lawsuit against the health care providers, here, the 15th JDC.  In *Howard v. Mamou Health Res.*, 129 So. 3d 72, 75–76 (La. App. 3rd Cir. 3/6/13), writ denied, 112 So. 3d 227 (La. 4/19/13), the court explained that the previously-codified version of La. Rev. Stat. 40:1231.4 – La. Rev. Stat. 40:1299.44(C) -- provided the procedural steps a plaintiff must take if a settlement is reached with a health care provider and the plaintiff alleges damages exceeding the statutory damages cap owed by the health care provider.  The court explained:

> These steps include filing a petition against the health care provider, serving the petition on the PCF, the health care provider, and his insurer informing them of the additional amount demanded, allowing the PCF to file any objections to the petition, and a hearing on the petition in the trial court. La.R.S. 40:1299.44(C)(1), (2), (3), and (4). At the hearing on the petition, if the parties cannot agree as to the amount to be paid by the PCF, then a subsequent trial is required so that evidence may be presented and a determination reached by either a jury or the trial court as to the amount of excess damages owed to the patient. La.R.S. 40:1299.44(C)(5)(a). However, La.R.S. 40:1299.44(C) does not provide a time limit within which the plaintiff must comply with these procedures.

In *Horil v. Scheinborn,* 663 So.2d 697 (La. 1997), the Louisiana Supreme Court held that the detailed provisions of La. Rev. Stat. 40:1299.44(C) trumped the more general provisions of La. Rev. Stat. 40:1299.42(D) in situations where a plaintiff has settled with a health care provider and seeks additional recovery from the PCF.  In holding that La. Rev. Stat. 40:1299.44(C) applied, the Supreme Court

8

*affirmed an exception of no cause of action* because the plaintiff failed to comply with the procedures set forth therein at the time he sought court approval of his settlement with the health care provider. 663 So.2d at 701-02.

Judge R. Michael Caldwell of the Nineteenth JDC framed the issue as one that is jurisdictional in nature in his oral ruling on the the PCF's exception of prescription, explaining:

> That, in my opinion, is the exclusive remedy provided by the Act. This Court deals with tutorship issues on occasion. Venue in tutorship proceedings is jurisdictional. That is established by the Legislature. I believe in this case under that wording of the Medical Malpractice Act, the Legislature has indicated that venue, for a claim against the PCF for damages beyond that of the health care provider where there is a settlement, is the Court in which the action is pending against the health care provider. Counsel for Plaintiff has conceded, and the record clearly shows the Petition filed in this Court was not against the health care provider. The health care provider was not named as a defendant and was not served as a defendant….The Court can notice the issue of jurisdiction on its own. So whether I grant this as an Exception of Prescription or I raise it as a question of jurisdiction, the results are going to be the same. I think it's clear….In my opinion, exclusive jurisdiction for such a claim would be in the 15$_{th}$ JDC. For various reasons not known to me, perhaps known only to counsel and their client, they've sought to seek that relief here, but I don't believe this Court can grant that relief. Accordingly, I'm going to sustain the Exception of Prescription and note also that it is my opinion that this Court lacks jurisdiction to handle this claim.[1]

Here, the undersigned finds that the plaintiff did follow the procedures of the LMMA originally. She filed the petition seeking approval of the settlement and demanding

---

[1] *See* transcript of hearing, attached to defendants' reply brief, Doc. 19.

9

payment of damages from the PCF in the 15th JDC -- the court in which the action was pending against Dr. Toce and insurers -- she served the PCF, and the PCF intervened in the suit and filed objections to the approval of the settlement.  The court granted the PCF's objections and then the matter was taken to the Third Circuit, where it was reversed.  At that point, the plaintiff voluntarily dismissed against both Dr. Toce and the insurance company, keeping Dr. Toce in the case as a nominal defendant, which is the correct procedure under the LMMA when you are going to pursue excess amounts from the PCF.  However, thereafter, the plaintiff dismissed her case in the 5th JDC *in full*, without prejudice, choosing to rely, instead, on the case she had filed in the 19th JDC.  That matter has now also been dismissed, yet and the plaintiff filed the instant matter in this Court.

Review of the history of this matter, therefore, shows that although the plaintiff complied with many procedural requirements of the LMMA up to a point, she failed to follow the strict mandatory requirements of an action to recover excess amounts by failing to file the complaint in this matter in the court in which she filed her original lawsuit against the health care providers.  Because this Court can find no jurisprudential authority supporting the argument that this is a jurisdictional issue, the undersigned nevertheless concludes that the instant matter should be dismissed on grounds the plaintiff fails to state a cause of action for which relief can be granted.  Therefore, the instant matter is DISMISSED WITH PREJUDICE.

## CONCLUSION

Considering the foregoing,

**IT IS RECOMMENDED** that the Motion to Dismiss Doc. 11] filed by the defendants be GRANTED on grounds the plaintiff fails to state a cause of action for which relief can be granted, and it is RECOMMENDED that all claims be DISMISSED WITH PREJUDICE. This Court makes no findings on the other grounds urged by the defendants for dismissal, as the Court concludes the plaintiff has not satisfied the statutory, mandatory procedural requirements of the LMMA.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** this 29th day of January, 2020 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE